UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

NEWTON KENDALL MEDINA CEDENO,

Defendant.

13-CR-247

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Newton Cedeno pled guilty to Count One of a two Count indictment. The indictment charged him with importing cocaine into the United States. *See* 21 U.S.C. §§ 952(a), 960 (a)(1) and (b)(1)(B)(ii), and 18 U.S.C. § 3551. The remaining Count was dismissed.

On March 23, 2013 defendant traveled from the Dominican Republic to New York. A routine customs search of defendant's carry-on luggage at John F. Kennedy International Airport revealed that he was transporting cocaine in his backpack, computer bag, and roller suitcase.

Cedeno was sentenced on November 26, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is seventeen and defendant's criminal history is category I. The Guidelines range of imprisonment is between twenty-four and thirty months, and the fine range is $5,000 to $1,000,000. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3) and (c)(4) (Nov. 2013). The calculation of the total offense level included a two point "safety valve" reduction and a three-point adjustment for defendant's acceptance of responsibility. A four level reduction was applied based on defendant's minimal role. Defendant's offense level was reduced an additional four levels pursuant to the government's recommendation for retroactive application of the newly adopted early disposition program for couriers. *See id.* at § 5K3.1.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000. *See* 21 U.S.C. § 960(b)(3); 18 U.S.C. § 3571(b). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 21 U.S.C. § 960(b)(3) and 18 U.S.C. § 3561(a), (c)(1). The Guidelines advise against probation. *See* U.S.S.G. § 5B1.1, comment. (n.2).

2

Cedeno was sentenced to one year and one day imprisonment. Ordered was three years of supervised release. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future, to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Cedeno imported a large quantity of cocaine into the United States. This a serious, but aberrant, offense. Cedeno has no prior convictions. His role was limited to that of a courier.

Defendant, now twenty-nine years old, was born in the Dominican Republic. He grew up in a modest household with his parents and four siblings. Though educated as an architect, his father was not able to secure steady employment due to alcohol problems. His mother, now remarried, is a teacher.

Defendant earned the equivalent of a bachelor's degree in photography at an art school in the Dominican Republic. Until his arrest, defendant worked as a self-employed photographer and owned a retail photography business in the Dominican Republic. The business employed four people.

Defendant and a former girlfriend have a sixteen-month old son. The child resides with his mother in the Dominican Republic. The son's mother works, but does not earn enough to

3

support the child on her own. Defendant was involved in the care of his son and provided financial support to his former girlfriend prior to his arrest.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Defendant has now been in custody for approximately eight months. His sentence, which will result in significant immigration consequences, sends a clear message that importation of narcotics into the United States will be met with severe penalties. Specific deterrence has been substantially achieved. It is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: November 26, 2013
Brooklyn, New York

4